IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL ACTION NO. 2:19-cr-268

JEROMEE TODD DONAWAY

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See

Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On August 6, 2020, Mr. Donaway was sentenced to 103 months of imprisonment, followed by three years of supervised release, for possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 54]. His total offense level was 27. *See* [ECF No. 58, ¶ 30]. He had a subtotal of eleven criminal history points. *Id.* ¶ 39. Two points were added to his subtotal pursuant to U.S.S.G. § 4A1.1(d) because he committed the offense of conviction while under a criminal justice sentence, resulting in a total of thirteen criminal history points and a Criminal History Category of VI. *Id.* ¶¶ 40–41. The Court calculated a Guideline range of 130 to 162 months; however, the statutory maximum term of imprisonment for the offense of conviction was 120 months. Therefore, the guideline range became 120 months.

Following the retroactive amendment to the Guidelines, Mr. Donaway's status

points would be eliminated. One point is then added because he had a subtotal of eleven criminal history points and committed the present offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e) (Nov. 2023). After recalculating his criminal history points, Mr. Donaway would have a total of twelve criminal history points, which lowers his Criminal History Category from VI to V. Based on a total offense level of 27 and a Criminal History Category of V, Mr. Donaway's amended advisory guideline range would be 120 to 150 months; however, as stated above, because the offense of conviction has a statutory maximum term of imprisonment of 120 months, the amended guideline range would still be 120 months.

Despite the fact that Mr. Donaway's Criminal History Category lowers from VI to V under Amendment 821, he is ineligible for relief under the Amendment. U.S.S.G. § 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment … to a term that is less than the amended guideline range." Mr. Donaway was sentenced to 103 months imprisonment. Because he has already received a sentence less than the amended guideline range of 120 months, he is not eligible for a further reduction.

Furthermore, Mr. Donaway is ineligible for relief under Amendment 821 because the Amendment does not have the effect of lowering his guideline range. U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment … is not authorized under 18 U.S.C. § 3582(c)(2) if … [Amendment 821] does not have the effect of lowering the defendant's applicable guideline range."

Here, Mr. Donaway's guideline range of 120 months remained the same. Therefore, he is ineligible for a reduction.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on August 6, 2020, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:      February 16, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4